UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TILLERMAN SEEDS, LLC, LEGACY
SEEDS, LLC, and D.F. SEEDS, LLC,

    Plaintiffs,

vs.

TILLERMAN & CO., LLC, REMOS LENIO
and PHILIP BLANCHARD,

    Defendants.

Case No.: 1:19-cv-00529

Hon. Robert J. Jonker

**STIPULATION AND PROPOSED ORDER AMENDING CASE MANAGEMENT ORDER**

The parties to this action, by their counsel of record, hereby stipulate and jointly move the Court to amend the original Case Management Order (ECF No. 20) to extend certain currently-scheduled deadlines as set forth herein, and in support state as follows:

1. The Court entered its Case Management Order on October 17, 2019 in this case. (ECF No. 20).

2. Following entry of the Case Management Order, the parties have been actively involved in discovery. The parties negotiated and filed with the Court a Stipulated Discovery Protocol, ESI Protocol, and Protective Order, which were entered by the Court with modifications. (ECF Nos. 37, 38, 39, & 40.)

3. Both before and after entry of those stipulations, the parties have engaged in discovery. Both Plaintiffs and Defendants served and responded to multiple sets of written discovery, including interrogatories and document requests. The parties also engaged in written and oral discussions regarding disputes related to those written responses and the scope of document production, and they were able to reach resolution of those issues. Among other things,

that resulted in the parties' stipulation under Fed. R. Evid. 502, resolving a potential dispute regarding the attorney-client privilege. (ECF No. 43.)

4. The parties have also negotiated ESI search terms and are in the process of reviewing electronic documents for production. Plaintiffs have begun a rolling production of documents and Defendants anticipate doing so in the near future.

5. The parties have also engaged in third-party discovery, with both Plaintiffs and Defendants serving third-party subpoenas.

6. As stated in the Discovery Protocol (ECF No. 37), the parties are coordinating discovery in this matter with discovery in a parallel action pending in the 17th Circuit Court for the County of Kent. In that matter, Plaintiffs filed a Complaint asserting the state-law based claims that had originally been included in the Complaint in this action. Defendants asserted both Counterclaims and Third-Party claims. All parties filed motions for summary disposition of the respective claims. After extensive briefing, the Court held a hearing on April 22, 2020, in which it granted the motions with leave for all parties to file amended pleadings. The deadline for those amended pleadings was Wednesday, May 20, 2020.

7. The parties have also begun discussing deposition scheduling. Plaintiffs first noticed a deposition of a third-party witness for March 10, 2020. That deposition was delayed to accommodate the witness's schedule. Before the deposition took place, the governors of Michigan, Minnesota, and Wisconsin, where the parties, their counsel, and third-party witnesses reside, issued various forms of stay-at-home orders. In recognition of the third-party witness's request to be able to be in-person with his counsel during the deposition, Plaintiffs agreed to delay the deposition pending expiration of the originally entered stay-at-home orders. However, given the

uncertainty regarding when in-person depositions will be able to take place, the parties recognize that remote depositions likely will be required and have agreed to work together on doing so.

8. The parties recognize the need to continue actively pursuing discovery in this matter despite the restrictions imposed by the COVID-19 pandemic. As described above, they have continued to do so. Even so, the requirements to work from home and the limitations on in-person meetings and travel have slowed the pace at which the parties and their counsel are able to produce documents. It has also made it more difficult to schedule depositions, particularly of third-party witnesses, who have not been actively involved in the litigation and yet need to retain and consult with counsel regarding their duties in response to subpoenas. In addition, Plaintiffs' business as an agricultural seed company is considered an essential business under the applicable orders where it has operations, and accordingly Plaintiffs have been working to maintain normal business operations, while taking steps to ensure the health and safety of their employees.

9. As a result of all these factors, the parties have not proceeded as far in discovery as they would have absent the COVID-19 pandemic. This has delayed fact discovery as well as the parties' ability to retain expert witnesses and provide them with information for use in reaching their conclusions.

10. Under the current case management order, there are several upcoming deadlines regarding discovery matters. These include the disclosure of expert witnesses for the party with the burden of proof on June 30, 2020, and for responding parties on July 31, 2020; ADR to take place by September 13, 2020; the completion of discovery on September 15, 2020; dispositive motions on October 15, 2020.

11. In light of the above-described delays in discovery due to the COVID-19 crisis, the parties respectfully request an eight-week extension of the above-listed dates. The parties propose that the new dates would be as follows:

   a. Disclosure of expert reports for parties with burden of proof: August 25, 2020.
   b. Disclosure of expert report for responding parties: September 25, 2020.
   c. ADR to take place before: October 23, 2020.
   d. Completion of Discovery: October 26, 2020.
   e. Dispositive Motions: November 24, 2020.

12. To ensure adequate time to complete fact and expert discovery and dispositive motion practice, the parties believe that the deadlines listed above should be extended. In particular, as described above, the parties have not been able to complete sufficient fact discovery at this point to be able to effectively retain experts and have them prepare disclosures by the end of June 2020. The parties believe an eight-week extension of the discovery deadlines will allow them to do so. The parties also suggested a shorter extension of the discovery and dispositive motion deadlines to accommodate any discovery needed following the disclosure of those reports.

13. The parties do not propose extending the deadlines in the Case Management Order for the Settlement Conference (January 21, 2021) or the Final Pretrial Conference (February 16, 2021), unless the Court concludes that an extension of those deadlines would be required in light of the other requests in this Stipulation.

14. The parties respectfully submit that the above-described factors constitute good cause for modifying the case schedule under Fed. R. Civ. P. 16(b)(4). As the Court has previously held, absent the "good cause" requirement, "a party would be able to disregard the Court's

schedule with impunity, which 'undermine[s] the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and the cavalier.'" *Duran v. Sara Lee Corp*, No. 1:11-CV-313, 2012 WL 12854881, at *3 (W.D. Mich. Mar. 23, 2012) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (cited favorably in *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)).) Further, this Court noted that "[i]n addition to the reason for the delay, courts also generally consider the steps the moving party has taken to diligently comply with the applicable deadlines, and the extent the late filing will prejudice the nonmoving party." *Id.*

15. Here, the parties have not disregarded the Court's Case Management order but have worked diligently under it. The only delay is a result of the unforeseen and unprecedented disruptions caused by the COVID-19 pandemic. Moreover, far from ignoring the existing deadlines, the parties are coming to the Court now, well in advance of those deadlines, to ensure that there is adequate time to complete fact and expert discovery in this matter, despite any ongoing restrictions imposed by COVID-19. Nor will any party be prejudiced, as all parties join in this request.

IT IS SO STIPULATED.

Dated: May 21, 2020

By: */s Michael F. Cockson*
   David W. Centner (P43071)
   Clark Hill PLC
   200 Ottawa Ave. NW, Suite 500
   Grand Rapids, MI 49503
   (616) 608-1100

   Michael F. Cockson
   Faegre Drinker Biddle & Reath LLP
   220 Wells Fargo Center
   90 South Seventh Street
   Minneapolis, MN 55402-3901
   (612) 766-7000

   *Attorneys for Plaintiffs*

Dated: May 21, 2020

By: */s Shirin G. Goyal*
   Nick Gorga (P72297)
   Gabriel E. Bedoya (P80839)
   Shirin S. Goyal (P82528)
   Shannon Duggan (P83211)
   Honigman LLP
   2290 First National Building
   660 Woodward Avenue
   Detroit, MI 48226-3506
   (313) 465-7000

   *Attorneys for Defendants*

## **ORDER**

IT IS SO ORDERED.

   Hon. Robert J. Jonker
   U.S. District Judge